```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

EYIDI AMBILA,
          Petitioner,

                                                CIVIL ACTION

     v.

                                                NO.   07-10556-PBS

SHERIFF ANDREA J. CABRAL,
          Respondent.

<u>MEMORANDUM AND ORDER FOR DISMISSAL</u>

SARIS, D.J.

    On March 23, 2007, petitioner Eyidi Ambila, an immigration detainee confined at Suffolk County House of Corrections, filed a petition for a writ of habeas corpus under Section 2241, seeking emergency relief to stay his removal by immigration authorities.

    Section 106(c) OF the REAL ID Act of 2005 ("REAL ID Act"),[1] explicitly provides that judicial review of removal orders rests exclusively in the "appropriate" United States Circuit Court of Appeals, and the District Court lacks jurisdiction to review such challenges to removal orders.[2] Additionally, Section 106(a)(2) provides that "[j]udicial review of all questions of law and fact...arising from any action taken or proceeding brought to

---

[1] REAL ID Act of 2005, Pub. L. No. 109-13, Div. B; 119 Stat. 231, 302 (May 11, 2005).

[2] Under § 106(c) of the REAL ID Act, the "appropriate" circuit court of appeals is the one in which "a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)." REAL ID Act, § 106(c). Section 1252(b)(2) provides that proper venue for a petition for review is "...with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252 (b)(2). A petition for review must be filed not later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1).

remove an alien from the United States...shall be available only in judicial review of a final order under this section. Id.

Because this petition effectively presents a challenge to petitioner's final Order of removal, this Court lacks jurisdiction to review his claims. See Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005)(language of the Real ID Act "strips the district court of habeas jurisdiction over final orders of removal...""Congress has now definitely eliminated any provisions for [habeas] jurisdiction."). Additionally, petitioner has pending a petition for judicial review in the United States Court of Appeals for the First Circuit ("First Circuit"). See Ambila v. Gonzalez, No. 07-1369 (1st Cir.). Petitioner may seek a Stay of Removal by the First Circuit in connection with his petition for review.

Accordingly, this action is hereby Ordered Dismissed.[3]

SO ORDERED.

Date: April 4, 2007

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[3] Notwithstanding the lack of jurisdiction over this action, this Court has considered whether a transfer of this action to the First Circuit is warranted in the interests of justice, pursuant to 28 U.S.C. § 1631 (providing that if a court lacks jurisdiction over an action, that court may transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, if it is in the interests of justice, and the action shall proceed as if it had been filed on the date upon which it which it was actually filed in the transferee court). Because petitioner's motivation in filing both with the First Circuit and this Court is suspect, the Court finds that it is not in the interests of justice to transfer this action. Petitioner may file for relief in the First Circuit if he chooses to do so.